[Civ. No. 1158. Fourth Appellate District.—February 27, 1935.]

BUTTERFIELD CONSTRUCTION COMPANY (a Corporation), Appellant, v. FEDERAL LAND VALUE INSURANCE COMPANY (a Corporation), Respondent.

Sanders & Jacques for Appellant.

Paul A. McCarthy, Frank L. Guerena and John H. Riordan for Respondent.

ALLYN, J., *pro tem.* — The plaintiff and appellant, a street contractor, before submitting a bid to the city of San Diego for certain street work then pending under the Im-

provement Act of 1911, negotiated with defendant, a land value insurance company, for the issuance of insurance policies on the various parcels and lots of land within the improvement district. It was necessary for plaintiff to finance its operations, if it was successful in securing the contract, to get an advance commitment from some concern dealing in securities of this kind to purchase the warrant, assessment and bonds to be thereafter issued under the terms of the act. It was thought that if policies of land value insurance might be issued upon each piece or parcel of property against which a bond should thereafter issue, the value of these bonds would be enhanced. A sample policy of insurance was submitted and it was agreed that such policies should be issued, in the event plaintiff were successful in securing the contract, in amounts ten per cent in excess of the amounts due on the bond or bonds. Defendant repudiated its agreement and plaintiff, having been awarded the contract, was compelled to default. In an action for damages for breach of contract, the trial court found for plaintiff on all issues as to the contract, the breach thereof and plaintiff's damage, but found that the form of insurance agreed upon was not land value insurance and hence beyond the corporate powers of defendant. Judgment was entered for the defendant and plaintiff appeals therefrom.

The determination of this appeal rests upon the solution of one problem, namely, was the agreed form of policy one of land value insurance? If it was not, the agreement to issue it was clearly beyond the corporate powers of the defendant and in direct violation of the statute upon which defendant's corporate existence depended (Pol. Code, sec. 594; Civ. Code, sec. 453hh).

There is little conflict in the testimony as to what transpired or as to what the parties were really trying to accomplish. They were all trying to fit land value insurance to 1911 Improvement Act proceedings so that the bonds issued thereunder might be more salable by reason of insurance against loss by depreciation of value of the land. In their discussions and correspondence it was variously termed "land value insurance" and "insurance on bonds".

The proposed policy undertakes to insure the purchaser and his assigns of "a certain right, title, interest or lien in or upon" certain real property against loss on subsequent

sale which "insured shall sustain by reason of the market value of said right, title or lien having depreciated to a sum less than a maximum amount" at any time during the term of the policy. The insured has the right at any time during the term to make proof of the loss through depreciation of market value and, upon payment of a given amount thereof, agrees to constitute the insurer its exclusive agent to sell and dispose of the interest in the property. If the interest has not been disposed of by a certain date the insurer undertakes to pay a further sum and, in consideration thereof, is to be given a longer time to sell, said agency to be continued by payment of successive amounts at given dates. It is apparent that the times and amounts of these payments are to be fixed as the payment dates and amounts of payment as they come due under the terms of the bonds. Upon maturity of the policy insurer, upon transfer to it of insured's right, title and interest in and to the property, agrees to pay the latter or face of the policy, plus interest and less the amounts theretofore paid.

Condition No. 5 of the policy waives the right of insured to claim loss so long as it receives the stipulated return of principal and interest on the bond. If six months' default is made on any instalment of interest or principal of insured's indebtedness, upon presentation of bond and coupon, a settlement option is provided in the policy whereby the bondholder may, in the event of a default, surrender his bond and coupons and receive in full settlement an amount equal to the principal and interest then owing on the bond and coupons and, thereupon, the insurer shall be subrogated to the rights of the insured.

Without attempting to determine whether by the law of California an owner of a bond issued under the Improvement Act of 1911 has an insurable interest in the value of the land upon which the bond is a lien, it is quite apparent that the parties actually accomplished an agreement for insurance of the payment of the principal and interest instalments of the bonds. This does not appear to be possible under our law, which classifies all insurance business into twenty forms or classes (Pol. Code, sec. 594). Under the agreed form of policy there can be no doubt that the risk or hazard insured against was the default in payment of interest and

principal of the bond, without regard to the actual value of the land itself or of the lien of the bondholder therein.

■ While it is true that the language used in insurance contracts must be construed more strongly against the insurer where their provisions are reasonably susceptible to double meanings, it is the duty of the court to establish and apply the intention of the parties (*Ponder* v. *Lamar Life Ins. Co.*, 6 Fed. (2d) 294; Civ. Code, sec. 1636).

■ Since the finding of the trial court, that the insurance agreed upon was bond insurance and not land value insurance, must be sustained it follows that the agreement was beyond the statutory, as well as the charter, powers of the defendant. ■ Land value insurance includes within its meaning the insuring of or guaranteeing of land values. Companies doing this class of insurance are expressly prohibited from engaging in any other form of insurance (Pol. Code, sec. 594). ■ A contract void because it stipulates for doing what the law prohibits is incapable of being ratified and, further, cannot create an estoppel (*Wood* v. *Imperial Irr. Dist.*, 216 Cal. 748 [17 Pac. (2d) 128]).

■ The action of the trial court in striking the second cause of action from the third amended complaint, said cause of action attempting to recover loss of prospective profits on the street improvement contract, is sustained by the foregoing reasons.

The judgment is affirmed and the attempted appeal from the order denying plaintiff's motion for new trial is dismissed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 28, 1935.